IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM DEVON MCMANUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:15-CV-856 |
| v. | ) | 1:12-CR-174-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on motion by the petitioner William McManus under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 46). Mr. McManus pleaded guilty in 2012 to one count of possession of child pornography. (Doc. 46 at 1). This Court sentenced him to seventy-two months' imprisonment and ten years' supervised release. (Doc. 12). On appeal, the Fourth Circuit vacated and remanded for resentencing because the Court inaccurately calculated the applicable sentencing guideline range. *United States v. McManus*, 734 F.3d 315, 323 (4th Cir. 2013). On remand, this Court sentenced Mr. McManus to sixty-three months in custody and ten years' supervised release. (Doc. 28). Mr. McManus appealed that judgment, and his counsel filed an *Anders* brief asserting that there were no meritorious issues for appeal. *McManus*, 604 F. App'x 259, 260 (4th Cir. 2015) (unpublished) (per curiam). The Fourth Circuit held that the sentence was procedurally and substantively reasonable. *Id.* at 261.

Mr. McManus has now moved for habeas relief, asserting that he was denied effective assistance of counsel and that his sentence was unlawful, and requesting an evidentiary hearing. (Docs. 46, 47). Because none of his arguments have merit, the motion will be denied.

## I. Unlawful Sentence Claim

Mr. McManus asserts that his sentence was imposed in violation of the Constitution because he never admitted to the applicability of any of the sentencing guidelines enhancements the Court applied. (Doc. 47 at 19). He specifically identifies the enhancements under U.S.S.G. § 2G2.2, including §§ (b)(3)(F), (b)(6), and (b)(7)(C).[1] Mr. McManus's argument has no merit.

First, only facts that increase mandatory minimum sentences are "elements" that must be submitted to a jury. *Alleyne v. United States*, 133 S. Ct. 2151, 2162-63 (2013). Sentencing judges retain discretion to take "into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute." *Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) (emphasis in original); *see also Alleyne*, 133 S. Ct. at 2163; *Dillon v. United States*, 560 U.S. 817, 828 (2010). The sentencing enhancements to which Mr. McManus objects are merely specific offense characteristics the Court took into consideration in imposing a sentence within the range

---

[1] It appears that the reference to § 2G2.2(b)(7)(C) is a typographical error, as the original presentence report, (Doc. 59 at ¶ 20), and the resentencing memo, (Doc. 60 at p. 2), show that the Court applied the enhancement under § 2G2.2(b)(7)(D).

2

prescribed by statute; they were not elements of the offense, nor did they change Mr. McManus's potential exposure to the legally applicable penalty.

Second, the facts in the presentence report, to which Mr. McManus did not object, support these sentencing enhancements. At his original sentencing hearing, his attorney affirmed he had no objection to adopting the facts in the presentence report. (Doc. 19 at 3). Mr. McManus told the Court he had seen a copy of the presentence report, he had reviewed it and discussed it with his lawyer, he understood the report, and he had no questions about it. (Doc. 19 at 4). The facts in the presentence report support the application of the § 2G2.2 enhancements. (*See* Doc. 59 at ¶¶ 4-5, 8 (supporting distribution)[2]; ¶¶ 6-7 (supporting use of a computer); ¶ 7 (supporting more than 600 images)). Nor did Mr. McManus object to the enhancements when he was resentenced. (*See* Doc. 34 at 2, referring to the resentencing report at Doc. 60). Mr. McManus has not shown that his sentence violates the Constitution or laws of the United States.

## II. Ineffective Assistance of Counsel Claims

Mr. McManus was represented at his guilty plea and first sentencing by Don Carter. (*See* Doc. 55; Minute Entry 06/20/2012; Minute Entry 10/10/2012). The Fourth Circuit appointed Eugene Lester to represent Mr. McManus on appeal. (Doc. 20). Mr.

---

[2] Mr. McManus originally received the 5-point enhancement for distribution detailed at § 2G2.2 (b)(3)(B). (Doc. 59 at ¶ 17; Doc. 19 at 22-23). The applicability of that § (B) enhancement was the subject of his appeal, and the Fourth Circuit vacated and remanded his original sentence because the government had not submitted sufficient individualized evidence of Mr. McManus's intent to distribute his pornographic materials in expectation of receipt of a thing of value. *McManus*, 734 F.3d at 322. Mr. McManus conceded in his appeal that the § (F) enhancement - to which he now objects - was appropriate. *Id.* at 322-23. The § (F) enhancement is supported by the facts in the presentence report. This is now the law of the case.

3

Lester continued to represent Mr. McManus at his resentencing hearing. (Minute Entry 03/27/2014).[3] Mr. McManus raises four separate ineffective assistance of counsel claims: that counsel was ineffective for failing to 1) move to dismiss the indictment in light of an allegedly invalid search warrant; 2) investigate and file a motion to suppress his statement to police and items seized; 3) object to a sentence that was unreasonable and that violated the guidelines; and 4) investigate and object to specific offense characteristic enhancements at sentencing. (Doc. 47 at 4, 7, 13, 17).

To demonstrate ineffective assistance of counsel, a petitioner must prove that counsel's performance was deficient and that but for counsel's deficient performance, there was a reasonable probability of a different result. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). In evaluating the performance prong, "there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance." *Randall v. United States*, No. 3:13-CV-00154-MOC, 2014 WL 4311043, at *6 (W.D.N.C. Sept. 2, 2014); *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992). "To show prejudice in the guilty-plea context, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Christian v. Ballard*, 792 F.3d 427, 443 (4th Cir.) (internal quotations omitted), *cert. denied sub nom. Christian v. Plumley*, 136 S. Ct. 342 (2015). "[F]urthermore, . . .

---

[3] In his habeas petition, Mr. McManus asserts he was represented at a preliminary hearing by Mr. Carter, and at arraignment, plea, and sentencing by Mr. Lester. (Doc. 46 at 10).

such an individual must convince the court that such a decision would have been rational under the circumstances." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (internal quotations omitted).

When courts evaluate attorney performance at the plea bargain stage, "strict adherence to the *Strickland* standard [is] all the more essential." *Premo v. Moore*, 562 U.S. 115, 125 (2011). "[H]abeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. AEDPA compounds the imperative of judicial caution." *Id.* (internal citation omitted). Furthermore, "[p]leading guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain. That decision may not be lightly undone by buyer's remorse on the part of one who has reaped advantage from the purchase." *Fugit*, 703 F.3d at 260.

When a person pleads guilty, he or she waives a number of constitutional rights, *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005), including the right to challenge allegedly unconstitutional searches,[4] seizures,[5] or interrogations.[6] Thus, "[w]hen a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea" and "has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any

---

[4] *United States v. Jackson*, 524 F. App'x 44, 45 (4th Cir. 2013) (unpublished) (per curiam).

[5] *United States v. Murphy*, 380 F. App'x 344, 345-46 (4th Cir. 2010) (unpublished) (per curiam); *see also Haring v. Prosise*, 462 U.S. 306, 319-21 (1983).

[6] *United States v. Turner*, No. 92-5687, 1993 WL 408169, at *1 (4th Cir. 1993) (unpublished) (per curiam).

5

indictment at all." *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010) (internal citations and quotation marks omitted). Although a valid guilty plea does not require the conscious waiver of potential defenses, *United States v. Broce*, 488 U.S. 563, 573 (1989), defendants may choose to waive these rights for a number of reasons, such as the weakness of the potential motion, the desire to take advantage of a plea agreement, strong evidence of guilt, or a sentencing benefit. Such tactical and risk/benefit decisions are a normal part of the criminal justice system, and a failure to raise a constitutionally-based motion, even one with merit, does not give rise to post-conviction relief so long as the guilty plea was knowing and voluntary. "Thus, while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

At his change of plea hearing, Mr. McManus affirmed he had discussed his case with his attorney, including the charges against him, the evidence, and any defenses he might have. (Doc. 18 at 5-6). The Court explained that Mr. McManus had a constitutional right to a trial, and that if he were to plead not guilty he would be presumed innocent and the government would have to prove each and every element of the offense beyond a reasonable doubt. (*Id.* at 12-13). Mr. McManus said he understood those rights. (*Id.* at 13). The Court explained the elements of the charge of possession of child pornography and what the government would be required to prove beyond a reasonable doubt if Mr. McManus decided to go to trial. (*Id.* at 14-15). Mr. McManus said that he had no questions and that he understood that in pleading guilty he was admitting to each

6

and every element charged. (*Id.* at 15). Mr. McManus affirmed that he had discussed possible defenses with his attorney. (*Id.* at 5-6). Against that backdrop, it is difficult for Mr. McManus to collaterally attack his guilty plea. *See United States v. Santiago*, No. 14-6449, 2015 WL 9288220, at \*3 (4th Cir. Dec. 22, 2015) (unpublished) (per curiam) ("Because a guilty plea is a 'solemn declaration[ ] in open court,' it has 'strong presumption of verity' that we will not set aside on 'subsequent presentation of conclusory allegations unsupported by specifics.'") (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)).

### A. Invalid Search Warrant

Mr. McManus first alleges that his counsel was constitutionally ineffective for "failing to object and file motions to dismiss the indictment in light of the search warrant being invalid during the search and seizure." (Doc. 47 at 4). He alleges that the search warrant was invalid because it was sealed before being served and was not unsealed during execution. (*Id.*) Mr. McManus also asserts that while the affidavit demonstrating probable cause did state the items to be seized, the list was not presented to Mr. McManus or his family during the search, nor did the agents leave a copy of the search warrant. (*Id.* at 4-5). Finally, Mr. McManus makes the entirely conclusory claim that the magistrate was not neutral or disinterested. (*Id.* at 4).

Mr. Carter submitted an affidavit attesting that he spent hours consulting with Mr. McManus and his mother, and Mr. McManus "made it perfectly clear that he did not desire to go to trial." (Doc. 55 at ¶ 7). Mr. Carter attested that these discussions covered every stage of the criminal process, including the validity of the search warrant, and that

7

"Mr. McManus' main concern throughout the process was that he did not want the details of the case, and the contents of both the photographs and videos to be disclosed to anyone, and that he wanted to accept responsibility for his actions." (*Id.* at ¶ 8).

Mr. McManus did not submit an affidavit, nor does he address Mr. Carter's testimony with any specificity.[7] Indeed, Mr. McManus has offered no evidence beyond his own opinion that his attorney's representation was not within the range of competence demanded of attorneys in criminal cases. *See Tollett*, 411 U.S. at 268; *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."), *cert. denied*, 135 S. Ct. 47 (2014).

Nor has Mr. McManus shown prejudice. The fact that a search warrant is sealed does not mean that it was not available to be served; it simply means that it was not publicly available when signed. A motion to suppress on this basis would have been denied, and an attorney does not provide constitutionally ineffective assistance for failing to file a meritless motion. *Moody v. Polk,* 408 F.3d 141, 151 (4th Cir. 2005). A motion to suppress based on the absence of an attached list of specific items to be seized was unlikely to be successful, since Mr. McManus voluntarily provided his Giga Tribe file-sharing usernames and passwords and consented to law enforcement taking over those accounts for undercover work, (Doc. 19 at 12-13), and since "[i]n this circuit . . . it is sufficient *either* for the warrant to incorporate the supporting document by reference *or*

---

[7] An assertion in a brief that "[t]he affidavit from counsel is not correct," (Doc. 58 at 2), is vague and insufficient to raise a disputed question of fact.

8

for the supporting document to be attached to the warrant itself." *United States v. Hurwitz*, 459 F.3d 463, 471 (4th Cir. 2006) (emphasis in original). His contention that the judge who issued the search warrant was not neutral is conclusory and has no factual support in the record.

In the absence of evidence that a competent attorney would have moved to suppress the evidence obtained from the search warrant and that he was prejudiced, Mr. McManus has failed to establish that he would not have pleaded guilty and would have insisted on going to trial and that such a decision would have been rational under the circumstances. *Fugit*, 703 F.3d at 260; *see also Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (finding that proceeding to trial would have been irrational where defendant "faced overwhelming evidence of her guilt" and "had no rational defense, would have been convicted and would have faced a longer term of incarceration").

### B. Motion to Suppress

Mr. McManus next contends that his counsel was ineffective for failing to move to suppress his statements to law enforcement during the execution of the search warrant and for failing to move to suppress the items seized. (Doc. 47 at 7). He asserts that he was subjected to functional custodial interrogation without *Miranda* warnings.[8] As with his claim relating to the search warrant, the relevant inquiry on a § 2255 petition is not

---

[8] "Petitioner avers that the two (2) agents intimidated him with lies, good cop bad cop routine, and made his residence an [sic throughout] Police Dominated Atmosphere with 12-18 armed agents, and having him isolated from others (i.e. Family, Friends, or calling someone for support). Petitioner asserts that his residence had "NO-Police Free rooms. This type of isolation and control took this interrogation from non-custodial to custodial and therefore his statement, both oral and written, Must and Should be suppressed under Miranda." (Doc. 47 at 8).

9

whether Mr. McManus is correct about the underlying alleged constitutional violation, but whether Mr. Carter provided ineffective counsel regarding the alleged constitutional violation and that but for that defective counsel Mr. McManus would not have pleaded guilty and would have insisted on going to trial. *Tollett*, 411 U.S. at 266-67.

This claim is without merit for the same reasons discussed *supra*. Mr. Carter's affidavit establishes that he discussed the case and evidence with Mr. McManus and that Mr. McManus expressed an aversion to trial because it would involve public airing of the details of the case and because he wanted to accept responsibility for his actions. (Doc. 55 at ¶¶ 7-8). The case agent who executed the search warrant testified at the first sentencing hearing that Mr. McManus was cooperative and expressed a desire to help law enforcement find other distributors of child pornography. (Doc. 19 at 12-13). Mr. McManus has not provided any testimony or evidence specifically to the contrary. Mr. McManus benefited from his acceptance of responsibility in his plea agreement, (*see* Doc. 8 at ¶ 5), and he benefited from his cooperation, as that was one of the factors the Court took into consideration in granting a downward variance. (*See* Doc. 34 at 4, 11). Mr. McManus's "buyer's remorse" is not sufficient to establish that he would have insisted on going to trial or that such a decision would have been rational under the circumstances. *Fugit*, 703 F.3d at 260 (4th Cir. 2012).

### C. Unreasonable Sentence

Mr. McManus asserts that his counsel provided constitutionally defective representation for failing to object to his sentence as unreasonable and as violating the sentencing guidelines. (Doc. 47 at 13-16). He does not specify whether his argument

10

Case 1:12-cr-00174-CCE   Document 61   Filed 05/02/16   Page 10 of 13

pertains to Mr. Carter's or Mr. Lester's representation. Nor does he point to any specific action or inaction by either attorney that rendered counsel's assistance ineffective. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *abrogation on other grounds recognized by Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999); *Dyess*, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."). Rather than focusing on his counsels' performance, his brief details the reasons why the sentencing guidelines are "illegitimate."

In any case, the record shows that both his attorneys made similar arguments about the sentencing guidelines as the ones Mr. McManus raises in his petition. Mr. Carter submitted a sentencing memorandum requesting a probationary sentence with an alternative request of a sentence of not more than six months. (Doc. 11 at 1). Mr. Carter cited a number of factors in his very thorough memorandum, including Mr. McManus's age, good character, family situation, and lack of criminal history, as well as his potential to contribute to society and the effect of a longer sentence on rehabilitation. (*Id.* at 3-20). He also emphasized the Court's discretion to depart or vary from the guidelines, including for policy reasons. (*Id.* at 22). At the sentencing hearing, Mr. Carter put on four witnesses who all requested Mr. McManus be given a probationary sentence and testified about their commitment to assisting in his rehabilitation. (Doc. 19 at 29-50). Mr. Carter argued for a drastically below-guidelines sentence, including handing up a

11

case that he said demonstrated the potential disparities that can occur when judges interpret the 3553(a) factors differently in child pornography cases. (*Id.* at 53-54).

At the resentencing hearing Mr. Lester alluded to the same personal characteristics Mr. Carter had raised and argued that Mr. McManus's good behavior in prison supported a variant sentence. (Doc. 34 at 4-6). Mr. Lester also asserted that other courts "have found that the guidelines for these types of offenses are not supported by empirical evidence; and because of that, the Court should not feel constrained to follow the guidelines." (*Id.* at 6). In resentencing Mr. McManus to 63 months, the Court did apply a downward variance to Mr. McManus's revised guideline range of 97-120 months, citing his lack of criminal record, age at the time of offense, the number of images, and his record since being incarcerated. (*Id.* at 2, 12). The Court considered Mr. Lester's other arguments and did not find further variance appropriate. (*Id.* at 12).

In sum, both of Mr. McManus's attorneys raised the same or similar arguments that Mr. McManus raises now. Mr. McManus has not identified any argument Mr. Lester failed to make that had any effect on his sentence, and he has not shown constitutionally defective performance.

### D. Specific Offense Characteristic Enhancements

Mr. McManus asserts that his counsel was ineffective for failing to investigate and object to the specific offense characteristics at U.S.S.G. § 2G2.2. (Doc. 47 at 17). This claim fails for the reasons stated in section I, *supra*. "It is certainly reasonable for counsel not to raise unmeritorious claims." *Truesdale v. Moore*, 142 F.3d 749, 756 (4th Cir. 1998). And, because Mr. McManus's objections about the applicability of these

12

enhancements would have been dismissed if his attorney had raised them, he "cannot show a reasonable probability of any different outcome at resentencing." *Id.*

### III. Evidentiary Hearing Request

In order to obtain an evidentiary hearing a habeas petitioner "must come forward with some evidence that the claim might have merit." *Nickerson*, 971 F.2d at 1136. Because "the motion and the files and records of the case conclusively show that [Mr. McManus] is entitled to no relief," § 2255(b), his request for an evidentiary hearing is denied.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence, (Doc. 46), is **DENIED**.

A certificate of appealability shall not issue.

This the 2nd day May, 2016.

_____
UNITED STATES DISTRICT JUDGE